UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JACKIE BORDEN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:18-cv-00294-GFVT |
| ) | |
| v. ) | |
| ) | |
| WARDEN KIZZIAH, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |
| ) | |

*** *** *** ***

Federal inmate and *pro se* petitioner Jackie Borden disputes a prison disciplinary decision that cost him twenty-seven days of good time credit. Borden alleges two violations of his due process rights—first, he claims he was not informed of his right to the assistance of a jailhouse lawyer and, second, he alleges he was not provided with the disciplinary hearing officer's report in a timely fashion. For the reasons below, the Court finds no constitutional violation and **DENIES** Borden's 28 U.S.C. § 2241 petition for habeas relief.

**I**

Borden, who is serving a 168-month federal sentence for bank robbery, is incarcerated at the United States Penitentiary—McCreary in Pine Knot, Kentucky. [*See* R. 10 at 1.] In January 2018, another USP-McCreary inmate assaulted Borden. Although Borden did not begin the fight, video footage of the incident showed Borden fighting back and also striking the assaulter. *Id.* at 2. In light of this, prison staff issued an incident report charging Borden with "Code 224, Fighting With Another Person." Because Code 224 actually applies to a different charge ("Assaulting Any Person"), five days later prison staff issued Borden a new incident report

correcting the coding mistake. On January 29, 2018, Borden was provided with the corrected incident report. *Id.* at 2–3. Following issuance of the incident report, prison staff were given at least two extensions of time to conduct Borden's disciplinary hearing. *Id.* at 3.

On February 27, 2018, Borden signed and acknowledged receipt of the Bureau of Prisons' Inmates Rights at Discipline Hearing Form, which informed Borden, among other things, of: (1) his right to have a full-time member of the staff represent him, and (2) his right to appeal the disciplinary hearing officer's decision within twenty days of receiving written notice of the decision (the "DHO report"). Borden requested a full-time staff member represent him at the hearing, but he did not request additional witnesses. *Id.* at 3–4. The Unit Disciplinary Committee conducted Borden's hearing and ultimately recommended that a disciplinary hearing officer penalize Borden by revoking twenty-seven days of his good time credit. *Id.* at 4. Then at the DHO hearing, which occurred on March 6, 2018, Borden was sanctioned with the recommended loss of twenty-seven days and other penalties. *Id.* at 5. Following the hearing, the DHO prepared and signed his report on May 9, 2018, and Borden received the written DHO report on June 6, 2018. *Id.*

After the March 6 DHO hearing but before Borden received the DHO report, Borden tried to appeal the loss of his good time credit. However, his appeal was rejected for failure to include the DHO report. *Id.* at 6. Once Borden finally received the DHO report on June 6, he did not file a new appeal within twenty days as he was originally instructed. Instead, he continued, unsuccessfully, to litigate the original deficient appeal that he filed before he received the report. *Id.* at 6–7. Borden then filed the present petition for habeas relief in this Court. [R. 1.]

Borden's § 2241 petition alleges two violations of his due process rights. First, Borden claims he was denied the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), because he was not informed of his right to the assistance of a competent inmate during his disciplinary proceeding. [R. 1-1 at 3–4.] Second, Borden maintains that his rights were violated because he did not receive the written DHO report until after he began the administrative appeal process. *Id.* at 4. After full briefing, the matter is now ripe for the Court's review.

## II

The United States Supreme Court has articulated certain minimum procedures that prison officials must follow before taking away an inmate's good time credit during disciplinary proceedings. *See Sandin v. Conner,* 515 U.S. 472, 477–78 (1995); *Wolff*, 418 U.S. 539. When good time credit is on the table as a sanction, a prisoner is entitled to advanced, written notice of the charges; the opportunity to call witnesses and present other evidence in his or her defense; and a written decision explaining the grounds used to determine the sanctions imposed. *Wolff*, 418 U.S. at 563–66. Further, a prisoner does not have a constitutional right to retained or appointed counsel in a disciplinary proceeding as a matter of course. *See id.* at 570. However, if the inmate is illiterate or if the issues are so complex that the inmate cannot ably navigate his case, the inmate "should be free to seek the aid of a fellow inmate, or . . . help from the staff or from a sufficiently competent inmate designated by the staff." *Id.* Borden argues some of these required minimum procedures—and, in turn, his constitutional right to due process—were violated during his disciplinary proceeding. But for a variety of reasons, Borden is not entitled to the relief he seeks.

As an initial matter, Borden failed to exhaust his administrative remedies. Before filing a 28 U.S.C. § 2241 petition, an inmate must exhaust his administrative remedies through the Federal Bureau of Prisons' administrative grievance procedures. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981). According to the Supreme Court, "proper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted). The record indicates that Borden did not properly pursue administrative relief. Instead, he attempted to file an administrative appeal prior to receiving a copy of the DHO report, which he was required to attach to his appeal. Then, when informed of his timing error, he failed to remedy the error by following the instructions he had received all along—to begin the administrative grievance process by filing an appeal within twenty days of receiving the DHO report. [*See* R. 10-1 at 3–4 (explaining that Borden signed and acknowledged his right to appeal the DHO's decision within twenty days of notice of the decision).] Accordingly, and as thoroughly explained in the Warden's response and attached exhibits, Borden failed to properly exhaust his administrative remedies. [*See* R. 10 at 7–12; R. 10-1.]

In addition to the exhaustion issue, Borden's two due process claims are meritless. First, Borden claims he was not instructed about his right to a jailhouse lawyer, but that is not a due process violation. *Wolff v. McDonnell* does not require prisons to allow an inmate assistance from a fellow inmate during a disciplinary proceeding, even if the inmate is illiterate or the case particularly complex. To the contrary, *Wolff* specifically contemplates that a prison facility may deny inmates the aid of their peers. In that situation, prisons should simply provide inmates with "adequate substitute aid in the form of help from the staff . . . ." *Wolff*, 418 U.S. at 570. Illiterate inmates or inmates struggling with complex issues should receive at least some assistance, but

4

that assistance can be ***either*** the assistance of a staff person ***or*** the assistance of a competent jailhouse lawyer. *Id.* Borden, who claims that he "was actually/functionally illiterate regarding these process [sic] and that the issues were too complex for him" [*see* R. 1-1 at 4], was provided with the assistance of a full-time staff member. [*See* R. 10 at 4.] Thus, his constitutional rights were not violated with respect to this claim.

Borden's claim regarding the timing of the DHO report also fails. Although Borden did not receive the DHO report until after he began the appeals process, Borden does not point to any ***constitutional*** requirement that the DHO report be provided within a certain period of time. [*See* R. 1-1 at 4.] Borden's relief suggests the timing of the DHO report violated BOP regulations and/or Program Statements [*see* R. 12 at 4–5], but BOP regulations are "primarily designed to guide correctional officials in the administration of a prison", not to "confer rights on inmates." Sandin v. Conner, 515 U.S. 472, 481-82 (1995). Similarly, BOP program statements are merely internal interpretive rules, *see Reno v. Koray*, 515 U.S. 50, 61 (1995), and do not create enforceable rights or obligations.

There is no dispute that Borden was required under *Wolff* to receive advance notice of the charges against him and, eventually, the DHO report. But Borden received both. [*See* R. 10-1 at 2–4 (indicating Borden received advance written notice of the charges on January 29, 2018); *id.* at 5 (indicating Borden received the DHO report on June 6, 2018).] Further, Borden was instructed repeatedly that the deadline to file an appeal was within twenty calendar days ***after*** receiving the DHO report. [*See, e.g.*, *id.* at 5–6.] Borden's decision to begin the appeals process before receiving the DHO report was his choice and presents no violation of his constitutional rights.

## III

For the foregoing reasons, Borden's petition fails to state a constitutional violation and is properly denied. Accordingly, the Court hereby **ORDERS** as follows:

1. Borden's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**;

2. This action is **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 8th day of July, 2019.

Gregory F. Van Tatenhove
United States District Judge